PREET BHARARA
United States Attorney
Southern District of New York
By:   PIERRE G. ARMAND
      JAIMIE L. NAWADAY
Assistant United States Attorneys
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2800
Facsimile: (212) 637-2730
Email: pierre.armand@usdoj.gov
       jaimie.nawaday@usdoj.gov

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12.15.14
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA, *ex rel.*,
EDWARD O'DONNELL,

                Plaintiff,

            v.

COUNTRYWIDE FINANCIAL
CORPORATION, COUNTRYWIDE HOME
LOANS, INC., COUNTRYWIDE BANK FSB,
BANK OF AMERICA CORPORATION, BANK
OF AMERICA, N.A.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

14 Civ. 4038 (RJS)

**STIPULATION AND ORDER OF SETTLEMENT AND RELEASE BETWEEN THE UNITED STATES AND THE RELATOR**

      WHEREAS, this Stipulation and Order of Settlement and Release (the "Relator Stipulation") is entered into between the United States of America (the "United States"), by its attorney Preet Bharara, United States Attorney for the Southern District of New York, and relator Edward O'Donnell ("Relator" and, together with the United States, the "Parties"), through his counsel;

      WHEREAS, in June 4, 2014, Relator filed the above-referenced *qui tam* action (the "Relator's Action") in the United States District Court for the Southern District of New York (the "Court") pursuant to 31 U.S.C. § 3730(b), the *qui tam* provision of the False Claims Act, 31

U.S.C. § 3729 *et seq.* (the "FCA"), alleging, *inter alia*, that the above-captioned defendants violated the FCA in connection with the sale of residential mortgage loans originated by Defendants' Consumer Markets Division to the government sponsored enterprises Federal National Mortgage Association and Federal Home Loan Mortgage Corporation;

WHEREAS, on or about August 19, 2014, the United States, along with the States of California, Delaware, Illinois, Kentucky, Maryland, and New York, entered into a settlement agreement with Bank of America Corporation, Bank of America, N.A., Banc of America Mortgage Securities, and their current and former subsidiaries and affiliates (collectively, "Bank of America"), resolving certain mortgage-related liabilities of Bank of America to the United States and these States (the "Settlement Agreement");

WHEREAS, pursuant to Paragraphs 1(A)(iii) and 3(F)(ii) of the Settlement Agreement, Bank of America agreed to pay the United States a settlement of three hundred and fifty million dollars ($350,000,000) to resolve all claims of the United States as alleged in the Relator's Action relating to the Covered Conduct defined in paragraphs 3(A) through 3(F) of the Settlement Agreement (the "Settlement Amount");

WHEREAS, the Relator has asserted that, pursuant to 31 U.S.C. § 3730(d)(l) and 12 U.S.C. § 4205(d), he is entitled to receive a portion of the Settlement Amount (the "Relator Share Claim"); and

WHEREAS, the United States and the Relator mutually desire to reach a full and final compromise of the Relator Share Claim pursuant to the terms set forth below.

NOW, THEREFORE, in reliance on the representations contained herein and in consideration of the mutual promises, covenants, and obligations in this Relator Stipulation, and for good and valuable consideration, receipt of which is hereby acknowledged, the United States and the Relator agree as follows:

1. Contingent upon receipt by the United States of each payment due to the United States under Paragraph 1(A)(iii) of the Settlement Agreement, the United States will pay Relator, c/o David G. Wasinger, Esq. as attorney for Relator ("Relator's Counsel"), sixteen percent (16%) of the payment of the Settlement Amount received from Bank of America, as well as one million six hundred thousand dollars ($1,600,000) of the Settlement Amount received from Bank of America, in accordance with written instructions provided by Relator's Counsel within a reasonable time after the United States' receipt of the payment of the Settlement Amount.

2. The obligation to make the payment to the Relator under Paragraph 1 is expressly conditioned on, and only arises with, the receipt by the United States of the payment of the Settlement Amount from Bank of America required by the Settlement Agreement. In the event that Bank of America fails to make the payment required by the Settlement Agreement, the United States shall have no obligation to make any payment to the Relator.

3. Relator agrees that this settlement is fair, adequate, and reasonable under all circumstances, and will not challenge the Settlement Agreement, including but not limited to the Settlement Amount, pursuant to 31 U.S.C. § 3730(c)(2)(B), and expressly waives the opportunity for a hearing on any such objection, pursuant to 31 U.S.C. § 3730(c)(2)(B).

4. In agreeing to accept payment of the Relator's share set forth in Paragraph 1 above, and upon payment thereof, Relator, for himself and his heirs, successors, attorneys, agents and assigns, releases and is deemed to have released and forever discharged the United States, its agencies, officers, employees, servants, and agents from any claims pursuant to 31 U.S.C. § 3730 and 12 U.S.C. § 4205 for a share of any proceeds of the Settlement Agreement, and from any and all claims against the United States, its agencies, officers, employees, servants, and agents arising from or relating to any claim against Bank of America in the Relator's Action.

5. This Relator Stipulation does not resolve or in any manner affect any claims the

United States has or may have against the Relator arising under Title 26, U.S. Code (Internal Revenue Code), or any claims that the Parties may have arising under this Relator Stipulation.

6. This Relator Stipulation does not resolve or in any way affect any claim the Relator may have under 31 U.S.C. § 3730(d)(l) or 12 U.S.C. § 4205(d) for a share of any monetary recovery received by the United States in *United States ex rel O'Donnell v Bank of America, N.A.*, Case No. 12-CV-1422 (S.D.N.Y.).

7. This Relator Stipulation shall inure to the benefit of and be binding only on the United States and the Relator, their successors, assigns and heirs.

8. This Relator Stipulation shall become final, binding, and effective only upon entry by the Court.

9. This Relator Stipulation constitutes the entire agreement of the United States and the Relator with respect to the subject matter of this settlement stipulation and may not be changed, altered, or modified, except by a written agreement signed by the United States and the Relator specifically referring to this Relator Stipulation.

10. This Relator Stipulation may be executed in counterparts, each of which shall constitute an original and all of which shall constitute one and the same agreement.

| | |
|---|---|
| Dated: New York, New York<br>December 9, 2014 | PREET BHARARA<br>United States Attorney<br>*Attorney for the United States*<br><br>By: _____<br>PIERRE G. ARMAND<br>JAIMIE L. NAWADAY<br>Assistant United States Attorneys<br>86 Chambers Street<br>New York, New York 10007 |
| Dated: December 5, 2014 | By: _____<br>Edward O'Donnell, Relator |
| Dated: December 8, 2014 | THE WASINGER LAW GROUP, P.C<br>*Counsel for the Relator*<br><br>By: _____<br>David G. Wasinger<br>401 S. Brentwood Blvd.<br>Magna Place, Suite 875<br>St. Louis, MO 63144 |

SO ORDERED: _____
HON. RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

Dated: 12/11/14